H. J. Williams Company, Inc., Plaintiff *v.* Department of Transportation, Commonwealth of Pennsylvania et al., Defendants.

Argued March 7, 1977, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*William M. Young, Jr.,* with him *Edward C. First, Jr., Gilbert Nurick,* and *McNees, Wallace and Nurick,* for plaintiff.

*Stuart J. Moskovitz,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for defendants.

OPINION BY JUDGE ROGERS, March 30, 1977:

H. J. Williams Company, Inc., a corporation engaged in the highway construction business, filed a complaint in equity seeking an order enjoining the Pennsylvania Department of Transportation (Penn-DOT) from awarding a construction contract to another company, J. Rich Steers, Inc. (Steers), and enjoining the State Treasurer from making payments under the contract with Steers.

The plaintiff applied for a preliminary injunction which was denied by a Judge of this Court on October 23, 1975. The defendants filed preliminary objections which we overruled on October 21, 1976. Now before

us on stipulated facts are motions for summary judgment of both the plaintiff and the defendants.

PennDOT advertised for bids for the construction and improvement of a segment of State highway in Dauphin County on or about August 28, 1975. The bidders were requested, in the proposal forms, to give their bids in the form of unit price for each item needed for the project and to extend the price by multiplying each unit price by the approximate quantity set forth on the proposal form and then to add these extended totals to arrive at a final figure. The proposal form used by PennDOT provided:

> The extensions and totals are only for the information of the Department and will not be considered as a part of the proposal.

When the bids were opened on September 26, 1975, the plaintiff was informed that its final figure indicated that it was the lowest bidder. PennDOT then examined all of the bids for mathematical correctness. It discovered that Steers in computing its final figure had twice added a substantial unit item and had additionally made a mistake in multiplying one unit price by the estimated quantity of that item. On October 3, 1975, PennDOT declared Steers to be the lowest bidder and eventually awarded it the contract.

The plaintiff says (1) that PennDOT's determination that the Steers bid was the lowest was erroneous and that the contract should be awarded to the plaintiff or be readvertised for bids; and (2) that assuming that the Steers bid was indeed the lowest, it should not have been awarded the contract because PennDOT waived its right to correct Steers' mistakes by not doing so immediately after the opening of the bids.

There is no dispute of the fact that the total of Steers' unit prices times quantities correctly computed was lower than the plaintiff's. Since Steers' errors were in the extension and addition of its unit prices,

and since the proposal form states that extensions and totals are not part of the bidders' proposals, it is clear that Steers' bid was the lowest.

To support its argument that PennDOT waived its right to verify the bids, the plaintiff relies on Penn-DOT's specification form which states:

Proposals will be verified as to mathematical correctness immediately following the bid opening.

The record shows that the bid proposal form used in this project was seventy-five pages long and that at least four bidders submitted proposals. The expenditure of seven days in verifying some 300 pages of proposals does not seem to us to be unreasonable or violative of PennDOT's self-imposed undertaking to verify proposals immediately following the openings. Furthermore, the act of verifying bids is hardly a discretionary activity subject to being waived. The Secretary of Transportation has a public duty under Section 404 of the State Highway Law[1] to award contracts to the lowest responsible bidder.

ORDER

AND Now, this 30th day of March, 1977, the plaintiff's motion for summary judgment is denied; the defendants' motion for summary judgment is granted; and final judgment is entered in favor of the defendants and against the plaintiff.

[1] Act of June 1, 1945, P.L. 1242, *as amended*, 36 P.S. §670-404.